ALBANY,
Jan. 1812.

PAGE
v.
WOODS.

PAGE *against* WOODS, SHERIFF.

In an action of debt against a sheriff for the escape of a prisoner in his custody on execution, the plaintiff in his declaration alleged a judgment recovered in the court of common pleas of the term of *August*, 1807, held at *Salem*, in the county of *Washington*, &c. and in the record of the judgment produced at the trial, the place or town where the court was held, was not mentioned; it was held that the *variance* was immaterial.

IN error, from the court of common pleas of *Washington* county. The plaintiff brought an action of debt against the defendant, in the court below, for the escape of one *D. Powers*, who was taken in execution, at the suit of the plaintiff. The declaration stated, that the plaintiff recovered against *D. P.* " in the term of *August*, in the year 1807, in the court of common pleas, held at the court-house, in the town of *Salem*, in the county of *Washington*, before the judges and assistant justices of the same court," &c.

At the trial, the plaintiff produced in evidence the record of a judgment against *Powers*, which had the usual caption; but the form of the entry of the judgment was as follows: " And now, at this day, to wit, on the last *Tuesday* of *August*, in the year of our Lord, 1807, until which day, &c. at which day before the judges and assistant justices aforesaid, the said *C. Page*, by his attorney, &c. and the said *D. Powers*, though solemnly called, came not, but made default, &c. therefore it is considered by the said court, before the judges and assistant justices aforesaid, that the said *C. Page* recover," &c.

The defendant's counsel objected, that the record produced did not support the allegation in the plaintiff's declaration; and the objection being allowed, the plaintiff was nonsuited.

*Skinner*, for the plaintiff in error, contended that the variance was immaterial, and cited 8 *Johns. Rep.* 455. 1 *Wils. Rep.* 155. 2 *Saund.* 101. 5 *Johns. Rep.* 98.

*Crary*, contra, insisted that the averment was material; and even if it was not material, that having been made, it ought to have been proved, and that the variance was therefore fatal. He cited 2 *Wm. Bl.* 1001. 3 *Bos. & Pull.* 456. 2 *East*, 452.

*Per Curiam*, The variance was immaterial. No other place than *Salem* is mentioned in the record. The place of holding the court is fixed by public statute, and it must be known to have been at *Salem*. The judgment ought to be reversed.

Judgment of reversal.(a)

(a) VAN NESS, J. was absent from indisposition.